Wachtler, J.
(concurring). I agree that a literal reading of the two statutes requires the court to submit to a *153 jury any question as to whether defendant’s confession was obtained in violation of his rights under Miranda v Arizona (384 US 436). I am troubled, however, by the fact that there does not appear to be any rational explanation for this requirement. The Supreme Court has never held that this is required under the Miranda decision. Nor is it mandated by our State Constitution, which only guarantees the defendant a right to a jury trial concerning his confession when he contends that it was involuntary in the traditional sense that he was coerced into making it. It appears that in codifying the procedure for truly involuntary confessions the Legislature inadvertently broadened it to include statements said to be “involuntarily made within the meaning of section 60.45” which includes Miranda issues. Nevertheless, if this is inadvertence, it can only be corrected by rewriting the statute (CPL 710.70, subd 3) and that is a matter solely within the Legislature’s control.
Chief Judge Cooke and Judge Meyer concur with Judge Fuchsberg; Judge Wachtler concurs in a separate opinion in which Judges Jasen and Gabrielli concur; Judge Jones taking no part.
Order affirmed.